SISK et ux. v. HALFF.

No. 3305.

Court of Civil Appeals of Texas. El Paso.

Jan. 23, 1936.

Rehearing Denied Jan. 30, 1936.

E. P. Lipscomb, of San Antonio, for appellants.

H. M. Zuercher and VanderHoeven & Greathouse, all of San Antonio, for appellee.

HIGGINS, Justice.

R. V. Sisk executed three notes for $15,000 each in favor of D. and A. Oppenheimer, a banking firm composed of Jesse D., Henry, and Adelaide Oppenheimer. To secure the payment of these notes, Sisk pledged two notes for $25,000 each in his favor executed by Lexington Development Company, the payment of which was secured by lien on land and the furnishings in two apartment houses upon the land. After maturity of the three $15,000 notes, the Oppenheimers assigned same to Alexander H. Halff, together with the collateral notes and lien.

Halff brought this suit against Sisk and wife to recover upon the three $15,000

notes and against Lexington Development Company seeking recovery upon the collateral notes and foreclosure of the lien against all parties. It was prayed that the proceeds of the sale of the lands and chattels be applied upon the judgment obtained against Sisk upon the $15,000 notes.

Sisk and wife answered by cross-action for damages against the Oppenheimers and prayed judgment thereon against the Oppenheimers. In reply to the plaintiff's suit, they pleaded a general denial and the Moratorium Act of the Forty-Third Legislature adopted at its Second Called Session (chapter 16, Vernon's Ann.Civ.St. art. 2218b note), and asked for postponement of the plaintiff's suit.

To the cross-action the plaintiff and the Oppenheimers excepted upon the ground of misjoinder of parties and causes of action. These exceptions were sustained and judgment rendered dismissing the Oppenheimers and in favor of Halff as prayed by him. The judgment provided that the proceeds of the sale of the land and chattels be applied in satisfaction of plaintiff's judgment against Sisk and the excess, if any, paid to Sisk.

Appellants complain of the action of the court upon the exceptions mentioned; their theory being that, since Halff acquired the three $15,000 notes of Sisk after maturity, they were entitled to set off against said notes their demand against the Oppenheimers. Appellants invoke the well-established rule that the purchaser of negotiable notes after maturity takes the same subject to all defenses available to the maker against the original payee.

The rule stated has no present application, for Sisk did not seek to have his claim for damages against the Oppenheimers set off against the demand of Halff upon the $15,000 notes sued upon by the latter.

The Oppenheimers were not necessary parties to the litigation between Halff and the Sisks. The injection into Halff's simple foreclosure suit of an independent cause of action by Sisk against the Oppenheimers for damages arising in tort or out of breach of trust would be prejudicial to the rights of Halff. Sisk's claim against the Oppenheimers could be fully protected by an independent suit. Under such circumstances, the court did not err in sustaining Halff's exceptions and dismissing the cross-action. 32 Tex.Jur.Parties, § 57.

This being true, it is unnecessary to inquire whether the exceptions of the Oppenheimers were well taken. Other reasons are also urged by appellee in support of the ruling dismissing the cross-action, but it is unnecessary to consider same. For the reason stated, the ruling upon the exceptions of Halff clearly presents no error.

Affirmed.